This is an application by the petitioner, the receiver of the Union City National Bank, to compel the receiver of defendant to pay over to the petitioner a certain dividend declared by the Commonwealth Trust Company on the 1st day of January, 1932, and also to turn over a check for another dividend of the Commonwealth Trust Company declared on the 1st day of April, 1932.
These dividends were declared on stock standing in the name of defendant which had been pledged by it as collateral on two notes of defendant to the Union City National Bank. At the time of the declaration of the dividends this stock was in the possession of the petitioner. The notes were dated respectively the sixteenth and twenty-third days of January, 1931. The stock was endorsed in blank by defendant and delivered to the Union City National Bank at the time of *Page 145 
the execution of the first note and by the terms of the second note was to be collateral also for it. The stock was not transferred to petitioner on the books of the Commonwealth Trust Company. Between the time of the making of the notes and the 1st day of January, 1932, certain dividends were declared by the Commonwealth Trust Company and were paid to the holder of record, the defendant. Prior to the 1st day of January, 1932, a receiver was appointed for defendant. The check for the January 1st, 1932, dividend came into possession of the receiver for defendant, was cashed by him and the proceeds are now in his hands. The check for the April 1st dividend came into possession of the receiver for defendant and is still in his possession, as it has not been cashed.
The question as to who is entitled to the dividends under such circumstances does not appear to have been passed on by our courts. The right of the pledgee of stock to dividends has been adverted to but never decided when directly before the court.
In Security Trust Co. v. Edwards, 90 N.J. Law 558, the court of errors and appeals held that the interest of a non-resident deceased pledgor of stock of a New Jersey corporation was subject to the transfer tax on the ground that the pledgor's interest is a property interest having a situs in New Jersey. The court says, page 561:
"As between the pledgor and pledgee, the pledgor is still the general owner. The pledgee has a special property only, and upon payment of the debt this is extinguished."
The court quotes with approval from Sewell v. Burdick, 10App. Cas. 74; 54 L.J.Q.B. 156, that the pledgees "acquired a special property in the goods, with a right to take actual possession should it be necessary to do so for their protection or for the realization of their security. They acquired no more, and, subject thereto, the general property remained in the pledgor."
The court also quotes from Donnell v. Wyckoff,49 N.J. Law 48, wherein the subject-matter of the pledge was corporate stock, as follows: *Page 146 
"Upon a pledge of property as security for a debt, the pledgee has only a special property. The general property is in the pledgor, subject to the rights of the pledgee."
McCrea v. Yule, 68 N.J. Law 465, is quoted from as follows:
"A pledgee of personal property, assigned as collateral security, has the right to collect the interest, dividends and income accruing on the collateral assigned, accounting to the pledgor upon the redemption of the pledge."
In none of these cases was the right to collect dividends passed upon. In McCrea v. Yule an interest in an estate was assigned as collateral and there was an express assignment of income. In Donnell v. Wyckoff the pledgees were sought to be charged with conversion because of the exchange of the pledged stock for other stock upon reorganization of the corporation. Here the pledgees had received the stock endorsed in blank and had actually transferred the stock to their names on the books of the corporation. The court says, page 51:
"It was pledged to the plaintiffs by the delivery of the certificate of stock, with an endorsement of transfer in blank, signed by the defendant. The pledge included the dividends that might be made upon the stock, as well as the shares of stock. Jones on Pledges, sec. 398. The transfer of the stock on the company's books out of the defendant's name was contemplated by the endorsement of transfer on the back of the certificate. An actual transfer of the stock on the company's books was necessary to enable the plaintiffs to collect and receive dividends, if not to protect the stock from the defendant's other creditors. The proof is that the transfer was made to enable the plaintiffs to receive dividends, and upon the transfer on the books dividends to the amount of $1,250 were received, which are credited on the note."
In the instant case the stock was endorsed in blank but no transfer was made upon the books of the Commonwealth Trust Company. The certificate was delivered with a collateral note which consisted of an elaborate printed form prepared by the pledgee, which set forth in great detail certain *Page 147 
rights of the pledgee. This document is silent as to whether the pledgee shall have the right to collect dividends or not. From the time of the giving of the note until the insolvency of the pledgor, dividends were collected by the pledgor without any question. It would appear therefore that the pledgee asserts no right to these dividends. I do not see that the insolvency of the pledgor effects any change in the right to dividends, so long as the pledgee makes no transfer upon the books of the corporation so that dividends would be paid to it. It seems clear that the parties to the transaction did not intend that the pledgee should receive the dividend on the stock. The corporation declaring a dividend would of course make the dividend payment to the stockholder appearing on its books until a transfer was made thereon. The pledgee must have known that this would be done. In the absence of any provision for assignment of dividends, I must therefore find that the terms of the pledgee gave the pledgee no right to either dividend. The application of the petitioner will be denied. *Page 148